SNELL & WILMER L.L.P.
Amy F. Sorenson, Bar. No. 191050
asorenson@swlaw.com
Kelly H. Dove (pro hac vice pending)
kdove@swlaw.com
Aliya L. Astaphan, Bar No. 340162
aastaphan@swlaw.com
12230 El Camino Real
Suite 300
San Diego, California 92130
Telephone:     858.434.5020
Facsimile:     858.434.5006

Attorneys for Defendant
WELLS FARGO BANK, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN PALMA,<br><br>　　　　Plaintiff, on behalf of herself and all others similarly situated,<br><br>　　v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, and ROES 1-10,<br><br>　　　　Defendants. | Case No. _____<br><br>[Originally filed in San Francisco Superior Court, Case No. CGC-24-612124]<br><br>**DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1441, 1446]**<br><br>Complaint Filed: February 2, 2024<br>Amended Complaint Filed: March 26, 2024<br>Amended Complaint Served: April 3, 2024<br>Trial Date: None |

**TO THIS HONORABLE COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wells Fargo Bank, National Association ("Wells Fargo") hereby removes to this Court the state court action described below. In support of this Notice of Removal, Wells Fargo states:

## STATE COURT PROCEEDINGS

1. On or about February 2, 2024, Plaintiff Helen Palma ("Plaintiff") commenced her civil action against Wells Fargo and Roes 1 through 10, in the Superior Court of California for the County of San Francisco, entitled *Helen Palma v. Wells Fargo Bank, National Association, et al.*, Case Number CGC-24-612124 (the "State Court Action").

2. In her Class Action Complaint ("Complaint"), Plaintiff asserts claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*; conversion; violations of California Penal Code § 496; and violations of California's Unfair Competition Law, California Business and Professions Code § 17200. Plaintiff did not serve the Complaint on Wells Fargo.

3. Thereafter, on or about March 26, 2024, Plaintiff filed a First Amended Class Action Complaint ("Amended Complaint"), which she served on Wells Fargo on April 3, 2024. With the Amended Complaint, Plaintiff also served Wells Fargo with a Summons, Civil Case Cover Sheet, Electronically Stored Information Request, and an Alternative Dispute Resolution Information Package. True and correct conformed copies of the Summons, Amended Complaint, Civil Case Cover Sheet, Electronically Stored Information Request, and an Alternative Dispute Resolution Information Package, as they were served on Wells Fargo, are attached as **Exhibit A**. A true and correct copy of the proof of service on Wells Fargo is attached as **Exhibit B**.

## REMOVAL IS TIMELY

4. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal has been filed within thirty (30) days after service of the Amended Complaint on Wells Fargo, and within one year of the commencement of the State Court Action. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (the 30-day deadline to remove set forth in § 1446(b) is "triggered by" service of the summons and complaint and not by earlier "receipt of the complaint unattended by any formal service").

5. Two administrative orders and a case management notice have been filed in the State Court Action, true and correct copies of which are attached as **Exhibit C**. No further proceedings have yet occurred in the State Court Action. A true and correct copy of the State Court Action's docket is attached as **Exhibit D**.

## THE COMPLAINT IS SUBJECT TO REMOVAL BASED ON FEDERAL QUESTION GROUNDS AND SUPPLEMENTAL JURISDICTION

6. The State Court Action involves at least one federal question claim because Plaintiff's Amended Complaint asserts violations of TILA, 15 U.S.C. § 1601 *et seq*. Under 28 U.S.C. § 1331, this Court has original jurisdiction over the TILA claim because it arises under the Constitution, laws, or treaties of the United States.

7. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in the State Court Action because they are so related to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy.

## THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

8. Removal to this district is proper because the United States District Court for the Northern District of California embraces the place in which the removed action is pending, *i.e.*, the Superior Court of California, County of San Francisco. *See* 28 U.S.C. §§ 1441(a), 1446(a).

9. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Wells Fargo are attached as exhibits to this Notice of Removal.

10. In accordance with 28 U.S.C. § 1446(d), Wells Fargo will give Plaintiff written notice of the filing of this Notice of Removal and will file the same with the Superior Court of California for the County of San Francisco.

## **CONCLUSION**

For the foregoing reasons, Wells Fargo respectfully requests that the State Action be removed to this Court, and no further proceedings be had in the Superior Court of California for the County of San Francisco.

Dated: May 2, 2024                    SNELL & WILMER L.L.P.


By: */s/ Amy F. Sorenson*
    Amy F. Sorenson
    Kelly H. Dove (pro hac vice pending)
    Aliya L. Astaphan

Attorneys for Defendants
WELLS FARGO BANK, NATIONAL ASSOCIATION

## **INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Copies of Pleadings | 27 |
| B | Proof of Service | 2 |
| C | Notice to Plaintiff - Case Management Conference; Order Denying Complex Designation; Order Granting Fee Waiver | 6 |
| D | State Court Docket | 2 |