UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN PALMA,<br><br>       Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>       Defendant. | Case No. 24-cv-02618-JD<br><br>**ORDER RE ARBITRATION AND STAY** |

As alleged in the complaint, defendant Wells Fargo obtained a judgment "several years ago" against plaintiff Helen Palma for credit card debt. Dkt. No. 1-1 ¶ 11. In February 2023, Wells Fargo withdrew money from Palma's checking and savings accounts apparently to offset her credit card balance owed to the bank. *Id*. ¶¶ 14-15. Palma alleges that this conduct violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and a variety of California state statutory and common law provisions. Palma sued in California state court on behalf of herself and a putative class of Wells Fargo customers in California.

After removing the case to this Court on federal question jurisdiction, Dkt. No. 1, which Palma did not challenge, Wells Fargo promptly moved to send the lawsuit to arbitration, Dkt. No. 12. The grounds for arbitration are the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, and an arbitration clause in a Deposit Account Agreement (DAA) signed by Palma when she opened her checking and savings accounts. Dkt. No. 12 at 7. Palma objected to arbitration on two grounds: (1) Wells Fargo waived any right to arbitration when it sued her several years ago to collect on her unpaid credit balance; and (2) Palma seeks a public injunction, which the arbitration clause is said to waive in contravention of California law. Dkt. No. 13 at 4 (citing *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017)).

Because the waiver situation was not entirely clear in the parties' briefing, the Court directed each side to answer these questions: (1) was the prior debt collection action, which was filed in 2019 by Wells Fargo against Palma, subject to an arbitration clause? (2) if so, in which

agreement? and (3) if not, why not?. Dkt. No. 23.  The Court on its volition also asked whether a specific provision in the DAA arbitration clause that said a party declining an arbitration demand must pay the other side's costs and expenses to compel arbitration might be unenforceable as unconscionable.  *Id*.  To be clear, Palma did not raise this as an issue in any way; it was purely the Court's own inquiry after reviewing the DAA.

In response to the Court's waiver questions, Wells Fargo stated the 2019 lawsuit was not subject to arbitration because the credit debt dispute was governed by a Credit Card Agreement (CCA) with Palma that expressly exempted collection actions from arbitration.  Dkt. No. 24 at 1.  Palma answered the questions by acknowledging that the pending request to arbitrate is based on the DAA, but stating that the DAA says "any" dispute between the bank and Palma was arbitrable, going back to the 2019 lawsuit.  Dkt. No. 25 at 2-3.  Each side also expressed their views about the Court's costs and expenses inquiry.

The parties' familiarity with the record is assumed.  The case is ordered to arbitration on the ensuing condition with respect to public injunctive relief, and stayed pending further order.

## LEGAL STANDARDS

The Court has detailed the standards governing a motion to compel arbitration under the FAA in several prior orders, which are incorporated here.  *See Blackstock v. Marin Luxury Cars LLC*, No. 22-cv-07052-JD, 2023 WL 5959426, at *1 (N.D. Cal. Sept. 12, 2023); *Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233 (N.D. Cal. 2019).  In pertinent part, the Court's role under Section 4 of the FAA "is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Cornet v. Twitter, Inc.*, No. 22-cv-06857-JD, 2023 WL 187498, at *1 (N.D. Cal. Jan. 13, 2023) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)).  "If the party seeking to compel arbitration establishes both factors, the district court 'must order the parties to proceed to arbitration only in accordance with the terms of their agreement.'"  *Id.* (quoting *Lifescan*, 363 F.3d at 1012).

**DISCUSSION**

**I.   WAIVER**

Palma's main objection is that Wells Fargo waived the right to compel arbitration by suing her in court in 2019 over her credit card debt. "A 'party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration [and] (2) acts inconsistent with that existing right.'" *McBurnie v. Acceptance Now, LLC*, 643 F. Supp. 3d 1041, 1045 (N.D. Cal. 2022), *aff'd in part*, 95 F.4th 1188 (9th Cir. 2024) (citing *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016)). "There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Id*. Rather, the question of waiver looks to the totality of the party's actions. *Id*. The burden of proof is on the party asserting waiver. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023).

Palma's waiver theories are not well taken. To start, Palma makes a rather opaque argument to the effect that the DAA was "merged" into the prior collection judgment obtained by the bank, and so cannot be enforced. *See* Dkt. No. 13 at 6-7 (quoting *Diamond Heights Vill. Assn., Inc. v. Fin. Freedom Senior Funding Corp.*, 196 Cal. App. 4th 290, 301-02 (2011) ("[A] judgment extinguishes the contractual rights and remedies previously extant, substituting in their place only such rights as attach to a judgment.")) (internal quotation omitted). That may be true in some cases, but not here. *Diamond Heights* and the case it cites, *O'Neil v. General Security Corp.*, 4 Cal. App. 4th 587 (1992), are based on principles of res judicata intended to prevent a plaintiff from bringing suit more than once on the same right or claim. *See O'Neil*, 4 Cal. App. 5th at 602; *Diamond Heights*, 196 Cal. App. 4th at 302. That is not the situation here. Wells Fargo is not trying to sue Palma twice for the same credit card debt. Rather, Wells Fargo is asserting an arbitration demand in response to Palma's lawsuit for taking money out of her deposit accounts. Palma's "merger" suggestion is not a bar to arbitration under the DAA.

The 2019 collection action by the bank is also not inconsistent with seeking arbitration now. As Wells Fargo stated in response to the Court's inquiries, without meaningful opposition by Palma, the collection action could not have been arbitrated. The plain language of the CCA barred that. *See* Dkt. No. 24 at 1; Dkt. No. 12-3 at Exh. F. § 31(a). Consequently, Wells Fargo

has not slept on a right that it could have enforced. Palma's suggestion that the collection action should have been arbitrated under the DAA is of no moment. Palma is subject to the DAA for her checking and savings accounts, but the 2019 litigation involved her credit card, which was subject to the CCA. Palma has not demonstrated that the DAA was intended to displace the CCA in any way with respect to credit card debt, or that it granted Wells Fargo a right to arbitrate any claim untethered to deposit accounts.

Palma's reliance on a Maryland state court case, *Cain v. Midland Funding, LLC*, 156 A.3d 807 (2017), *see* Dkt. No. 13 at 8-10, does not lead to a different outcome with respect to waiver. *Cain* was decided solely under Maryland law, which has no application here.

## II. PUBLIC INJUNCTIVE RELIEF

Palma's objection to arbitration on public injunctive grounds under *McGill*, *see* Dkt. No. 13 at 10-11, has in effect been resolved by the parties. Wells Fargo agrees that the arbitration clause in the DAA "would not prevent the arbitrator from issuing a public injunction if Ms. Palma sought such an injunction and prevailed on the merits." Dkt. No. 12 at 9; *see also* Dkt. No. 14 at 16 ("[T]he arbitration provision does not preclude an arbitrator from issuing a public injunction."). Palma may present public injunctive relief for the arbitrator to decide.

## CONCLUSION

The case is ordered to arbitration and stayed pending further order. *See* 9 U.S.C. § 3. The parties are directed to file joint status reports every 90 days beginning on March 14, 2025, and to promptly advise the Court of a settlement or other resolution. With respect to cost and expenses for a motion to compel, Wells Fargo has not made a formal demand that Palma has been called upon to oppose. Consequently, the question is not ripe, and the Court will not take it up at this time.

**IT IS SO ORDERED.**

Dated: December 12, 2024

JAMES DONATO
United States District Judge